IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AUSTIN CAREY JONES,

    Petitioner,

v.                                                       CASE NO. 1:07-cv-173-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Austin Carey Jones. Petitioner has paid the filing fee. Respondent has filed a response, Doc. 13, and Petitioner has filed a reply. Doc. 16. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

**BACKGROUND**

Petitioner was charged with sexual battery by use of force not likely to cause serious personal injury; unlawful sexual activity with certain minors; and child abuse–contributing to delinquency/dependency. He was convicted on the two sex counts only and sentenced to 15 years imprisonment.

Petitioner appealed, arguing only that the court had erred in admitting a 911 call. The court of appeal per curiam affirmed without written opinion. *Jones v. State*, 935 So.2d 503 (Fla. Dist. Ct. App. 2006).

Petitioner then filed a Rule 3.850 motion for post-conviction relief. In his motion, he claimed violations of "his right of Due Process and his right to a speedy trial, when his right to a

speedy trial was not waived" and argued that he was not brought to trial within 175 days of arrest.  Doc. 13, Ex. L.  In support of his speedy trial claim, he cited only Florida state court cases, each of which addressed only the state law right to a speedy trial.  He did not further mention anything about due process, and none of the cases discussed either due process or the federal constitutional right to a speedy trial.

The state court addressed Petitioner's motion as one claiming a violation of Fla. R. Crim. P. 3.191, which sets forth the speedy trial deadlines under Florida law.  The court found that the claim was procedurally barred, as it should have been raised on direct appeal.  *Id*.  Alternatively, the court found that the claim was without merit because trial was held within the requisite time frame after his attorney advised the court that the speedy trial time had expired.  *Id*.

Petitioner appealed, arguing that because trial was not commenced within 15 days of the demand for speedy trial, he was entitled "to discharge as a matter of law."  Doc. 13, Ex. M.  He also generally claimed that his "right under the Sixth Amendment of the U.S. Constitution to a speedy trial" was violated.  Again, none of the cases cited by Petitioner involved the federal constitutional right to a speedy trial but instead were resolved on the basis of state law.  *Id*.  The court of appeals affirmed without written opinion.  *Jones v. State*, 961 So.2d 938 (Fla. Dist. Ct. App. 2007).

The instant petition, raising only one issue, followed:  "In violation of speedy trial rights [pursuant] to the 6th Amendment speedy trial clause of the US Constitution."  Doc. 1.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)).  To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *Id*. at 845.  The "federal claim must be fairly

presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted); *Doyle v. State*, 526 So.2d 909, 911 (Fla. 1988) (claim not presented in Rule 3.850 motion but raised for first time on appeal is procedurally barred). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

In this case, Petitioner did not properly exhaust his Sixth Amendment speedy trial claim. As noted, Petitioner did not raise a constitutional speedy trial claim in any manner at all in his post-conviction motion and he only mentioned it in passing in the 3.850 appeal. The claim is, however, technically exhausted, as Petitioner may not now return to state court to litigate the issue. The question thus becomes whether he has shown cause for the default and prejudice as a result of the alleged violation of his Sixth

*Case No: 1:07-cv-173-MP-AK*

Amendment right or a fundamental miscarriage of justice if the claim is not considered. Petitioner has not shown any reason for failing to raise the Sixth Amendment claim in his post-conviction motion, and therefore, the Court does not address the issue of prejudice. Petitioner has likewise not argued that federal review of his Sixth Amendment speedy trial claim is necessary to prevent a fundamental miscarriage of justice, and he is therefore barred from bringing the claim in this proceeding. *See Coleman*, 501 U.S. at 757. Even if the Court were to consider the claim, it is without merit, as the length of the delay, which is considered the "triggering" factor in analyzing a constitutional speedy trial claim, *see Barker v. Wingo*, 407 U.S. 514, 530-32 (1972); *see also United States v. Dunn*, 345 F.3d 1285, 1296 (2003), was not presumptively prejudicial, as the time between Petitioner's arrest and his trial, by his calculations, was only slightly over six months, hardly the length of delay suggestive of a constitutional violation.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *11th* day of August, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**