IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


AUSTIN CAREY JONES,

    Petitioner,

v.                                                      CASE NO. 1:07-cv-00173-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## **O R D E R**

       This matter is before the Court on Doc. 17, Report and Recommendation of the Magistrate Judge, which recommends that Austin Jones' petition for writ of habeas corpus, Doc. 1, be denied and that this case be dismissed with prejudice.  The Magistrate Judge filed the Report and Recommendation on Monday, August 11, 2008.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

       Petitioner was convicted of sexual battery by use of force not likely to cause serious personal injury and unlawful sexual activity with certain minors.  He was sentenced to a term of imprisonment of 15 years.  Petitioner appealed, arguing only that the court erred in admitting a 911 call.  The court of appeal per curiam affirmed without written opinion.  Jones v. State, 935 So.2d 503 (Fla. Dist. Ct. App. 2006).  Petitioner then filed a Rule 3.850 motion for post-conviction relief, claiming violation of "his right of Due Process and his right to a speedy trial, when his right to a speedy trial was not waived."  Doc. 13, Ex. L.  Defendant's motion cited only

Florida case law, and the state court treated his motion as claiming only a violation of Florida's speedy trial law. The court found that the claim was procedurally barred, since it was not raised on direct appeal. Id. Alternatively, the court found that the claim was without merit because trial was held within the requisite time after his attorney gave notice of expiration of the time for speedy trial. Petitioner appealed, arguing he was not brought to trial within 15 days after his attorney's notice of expiration as required under Florida law. He also claimed generally that his Sixth Amendment right to a speedy trial was violated. The court of appeals affirmed without written opinion. Jones v. State, 961 So.2d 938 (Fla. Dist. Ct. App. 2007).

The instant petition, which followed, is based on the sole ground that Defendant's Sixth Amendment right to a speedy trial was violated. Doc. 1. The Magistrate found, and the Court agrees, that Defendant's Sixth Amendment claim was defaulted from state court review but technically exhausted. Doc. 17 at 3. The central issue is therefore whether Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 732 (1991). If not, federal habeas review of Petitioner's claim is barred, because the default of Petitioner's claim was based on an independent and adequate state procedural rule. Id.

The Magistrate found that review of Petitioner's claim is barred, because Petitioner failed to show any reason for not raising the Sixth Amendment claim in his post-conviction motion and failed to argue that federal review is necessary to prevent a fundamental miscarriage of justice. The Magistrate further found that, even if review of Petitioner's claim were not barred, it is without merit, since the length of the delay was not prejudicial. Doc. 17 at 4. The Court agrees

on both counts. For purposes of triggering a speedy trial claim, delays between the indictment and the trial exceeding one year are generally found to be presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91 (1992). If the length of the delay is not presumptively prejudicial, then the Court need not weigh the reason for the delay, the defendant's assertion of the speedy trial right, or the prejudice to the defendant. United States v. Clark, 83 F.3d 1350, 1352 (11th cir. 1996). In the instant case, Petitioner claims that there was a 196 day delay between his arrest and trial, which is nearly five months shy of what is generally held to be a presumptively prejudicial delay. Therefore, even if habeas review were not barred, the petition would fail, because Petitioner's right to a speedy trial was not violated.

Petitioner's objection raises two arguments: (1) the violation of Petitioner's right to a speedy trial "is an original jurisdiction matter which can be raised at any time where expiration deprived the lower court to trial of the accused;" and (2) under the rule of lenity, the court should count the second weekend when determining whether Petitioner was brought to trial within 15 days after his attorney gave notice of expiration of the time for speedy trial. Doc. 20. Petitioner cites United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601 (1938) in support of his first argument. That case is inapposite. For his second argument, Petitioner cites U.S. v. Ingram, 446 F.3d 1332 (11th Cir. 2006) (finding a violation of defendant's speedy trial rights where there was a two-year delay between indictment and trial), Jones v. Walker, 496 F.3d 1216 (11th Cir. 2007) (finding a violation of defendant's Sixth Amendment right to counsel where defendant did not clearly assert a desire to represent himself but was nevertheless compelled to proceed pro se), and Doggett, 505 U.S. at 652, n.1 (noting that post-accusation delay of one year is generally found to be presumptively prejudicial).

Jones and Doggett deal only with the Sixth Amendment right to a speedy trial; they do not support Defendant's argument that the weekend should count for the purpose of determining whether Defendant was brought to trial within 15 days after filing a notice of expiration as required under Florida law.  In any event, the 15 day deadline under Florida law is not relevant to a determination of whether Petitioner's Sixth Amendment right to a speedy trial was violated.  Even if Florida law were a basis for the instant petition, Petitioner's argument is without merit, since Florida Rule of Criminal Procedure 3.040 states that weekends shall not be counted in computing any period of time prescribed or allowed by any applicable statute.  Finally, as discussed above, the decision in Jones and Doggett are of no help to Petitioner.  The delay in bringing Petitioner's case to trial was much shorter than in either of those cases and was too short to be deemed presumptively prejudicial.

Having considered the Report and Recommendation, and the objections thereto, the Court has determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Report and Recommendation of the Magistrate Judge, Doc. 17, is adopted and incorporated herein.

2.   Petitioner Jones' petition for writ of habeas corpus, Doc. 1, is DENIED, and this case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   *9th*  day of September, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge