IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


AUSTIN CAREY JONES,

    Petitioner,

v.                                                                                          CASE NO. 1:07-cv-00173-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 25, Notice of Appeal, construed as an application for a certificate of appealability. The Court has two issues before it: whether Petitioner should be granted a certificate of appealability ("COA") and, if so, which issues should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner

is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"  Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)).  If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In this case, Petitioner alleged in his petition for habeas corpus that his Sixth Amendment right to a speedy trial was violated.  The Magistrate found, and the Court agreed, that Petitioner's claim was procedurally barred and that, even if the claim were not barred, it is without merit, since the alleged 196-day delay in bringing Petitioner to trial was not presumptively prejudicial.  For the same reason, the Court finds that no reasonable jurist would debate the fact that Jones' petition for habeas corpus was properly dismissed.  Therefore, Petitioner cannot make a substantial showing of a violation of a constitutional right, and the application for a certificate of

appealability must be denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner Jones' application for a certificate of appealability, Doc. 25, is DENIED.

2. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *4th* day of November, 2008

              *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge